1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN GALINDO, | ) Civil No. 08-CV-2080-WVG |
| | ) |
| Plaintiff, | ) ORDER GRANTING DEFENDANTS' |
| | ) MOTION FOR SUMMARY JUDGMENT |
| v. | ) |
| | ) [DOC. NO. 25] |
| M.A. SMELOSKY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

Pending before the Court is Defendants' unopposed Motion for Summary Judgment. (Doc. No. 25.) The parties have consented to the undersigned Magistrate Judge's jurisdiction, and the matter has accordingly been referred to the undersigned for all purposes. (Doc. No. 24.) Defendants claim qualified immunity from suit and argue they did not violate Plaintiff's constitutional rights when they denied his request for dentures. As explained below, the Court GRANTS Defendants' motion and enters judgment in their favor.

/ / /

/ / /

/ / /

/ / /

# I. FACTUAL BACKGROUND[1/]

On August 21, 2006, the California Department of Corrections and Rehabilitation ("CDCR") entered into a stipulation addressing the dental care needs of its inmates as part of a class action. The class certified was "all California state prisoners in the custody of CDCR who have serious dental care needs." As part of the stipulation, CDCR agreed to implement Health Care Services Division Dental Policies and Procedures (hereinafter, "P&P").

The P&P was "designed to meet at least the minimum level of dental care necessary to fulfill [CDCR]'s obligations under the Eighth Amendment of the U.S. Constitution." The P&P outlines the procedure under the class action stipulation relating to dental prostheses in force from October 9, 2007 through at least July 2010. The P&P provides that a "dental prosthesis shall be constructed only when: . . . b. An inmate-patient is edentulous [toothless], is missing an anterior [front] tooth, or has seven or fewer posterior teeth in occlusion." Prior to August 2006, the CDCR's P&P manual also authorized dentures when an inmate had seven or fewer posterior teeth in occlusion, although the policy was worded differently.

Plaintiff claims that Defendants violated his "right to dental care." Under "Request for Relief" in his Complaint, Plaintiff seeks only an "order to defendants to provide the needed dental prosthesis." On or about January 7, 2008, Plaintiff was missing four teeth (two molars on each side of his jaw). On January

---

[1/]  The factual background is substantially adapted from Defendants' motion. The Court deems Defendants' facts admitted pursuant to Federal Rule of Civil Procedure 56(e)(2) and after Plaintiff's failure to file any opposition despite the Court's December 10, 2010, notice pursuant to Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc) and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). (See Doc. No. 28.)

1  7, 2008, Plaintiff had a dental examination with Defendant Dentist
2  Musgrave at Centinela State Prison.  At this appointment, Plaintiff
3  requested dentures and claims he told the dentist he had difficulty
4  chewing his food due to the limited time he was given to eat.
5  Plaintiff had nine posterior teeth in occlusion and claims he was
6  informed he did not qualify for dentures as a result.  Plaintiff has
7  admitted that under institutional policy, he would have to have
8  seven or fewer posterior teeth in occlusion to qualify for a dental
9  prosthesis.  Plaintiff alleges that Defendant Chief Dental Officer
10 Peters at Centinela State Prison approved Defendant Musgrave's
11 denial of the prosthesis.
12       Defendant Musgrave did not list dentures on Plaintiff's
13 treatment plan.  Under the class action-mandated dental treatment
14 protocol, dental staff were directed that a treatment plan should be
15 provided only when an inmate patient has seven or fewer posterior
16 teeth in occlusion.  Inmate Galindo had at least nine posterior
17 teeth in occlusion.  Defendant Musgrave did not believe there was an
18 excessive risk to Plaintiff's health by requiring Plaintiff to
19 follow the mandated dental protocols.  Defendant Musgrave believed
20 that Plaintiff would still be able to eat with his nine posterior
21 teeth that were in occlusion—only that Plaintiff might be inconve-
22 nienced by having to eat a bit slower than if he had dentures.
23       Defendant Musgrave never became aware that the lack of
24 dentures caused Plaintiff any serious health problems due to not
25 receiving adequate nutrition or otherwise.
26       At all relevant times, Defendant Smelosky was the warden at
27 Centinela State Prison.
28

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) mandates the grant of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The standard for granting a motion for summary judgment is essentially the same as for the granting of a directed verdict. Judgment must be entered "if, under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986). However, "[i]f reasonable minds could differ," judgment should not be entered in favor of the moving party. Id.; see also Blankenhorn v. City of Orange, 485 F.3d 463, 470 (9th Cir. 2007) ("If a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied.") (alteration omitted).

The parties bear the same substantive burden of proof as would apply at a trial on the merits, including plaintiff's burden to establish any element essential to his case. Anderson, 477 U.S. at 252; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Lack of a genuine issue of material fact on a single element of a claim for relief is sufficient to warrant summary judgment on that claim. Celotex Corp., 477 U.S. at 322-23.

The moving party bears the initial burden of identifying the elements of the claim in the pleadings, or other evidence, and "'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Id. at 325; see also Fed. R. Civ. P. 56(c). "A material

issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." S.E.C. v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir. 1982). The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine dispute for trial. Celotex Corp., 477 U.S. at 324.

### III.  DISCUSSION

**A.   Defendants Are Entitled To Summary Judgment**

Based on the undisputed facts of this case, a dispute of fact does not exist regarding whether Defendants violated Plaintiff's Eight Amendment rights by denying his request for dentures. Defendants are entitled to summary judgment as a matter of law as a result.

The threshold requirement to state a claim under 42 U.S.C. § 1983 is the identification of a cognizable right that defendants violated. See Devereaux v. Perez, 218 F.3d 1045, 1052 (9th Cir. 2000). The Court construes Plaintiff's sole claim for "Right to dental care" as a claim under the Eighth Amendment's proscription against cruel and unusual punishment based on the denial of medical care. The Eighth Amendment "requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Instead, it proscribes the "unnecessary and wanton infliction of pain," or punishment "so totally without penological justification that it results in the gratuitous infliction of suffering." Gregg v. Georgia, 428 U.S. 153, 173, 183 (1976). When an official's failure to act serves as the basis for the claim, courts use the

standard of "deliberate indifference," which is stricter than mere negligence. Estelle v. Gamble, 429 U.S. 97, 104, 106 (1976).

Prison officials demonstrate deliberate indifference toward an inmate by knowing of and disregarding an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). To constitute deliberate indifference to an inmate's medical care, two factors must be present: (1) an objective component—the course of treatment doctors chose was medically unacceptable under the circumstances; and (2) a subjective component—that officials chose that course of treatment in conscious disregard of an excessive risk to the inmate's health. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

To satisfy the objective component for deliberate indifference, the deprivation suffered by an inmate must be sufficiently serious, meaning deprivations which result in "the minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Deliberate indifference to medical needs only amounts to an Eighth Amendment violation if those medical needs are serious. Hudson v. McMillian, 503 U.S. 1, 9 (1992). "A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059, *overruled on other grounds by* WMX Techs. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (citations and internal quotations omitted). Routine discomfort is part of the prison sentence and does not rise to the level of deliberate indifference. Hudson, 503 U.S. at 9.

Although prisoners must be provided with access to adequate dental care, Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

1989), prison inmates are not entitled to every possible dental treatment that they might request:

> It must be remembered that the State is not constitutionally obligated, much as it may be desired by inmates, to construct a perfect plan for dental care that exceeds what the average reasonable person would expect or avail herself of in life outside the prison walls. . . . We are governed by the principle that the objective is not to impose upon a state prison a model system of dental care beyond average needs but to provide the minimum level of dental care required by the Constitution.

Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986) (citations, internal quotations, and brackets omitted).

To satisfy the subjective element, a prison official must have a sufficiently culpable state of mind to violate the Eighth Amendment. Wilson, 501 U.S. at 297. To show deliberate indifference, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." McGuckin, 974 F.2d at 1060. Moreover, a delay in treatment must be harmful. Id. A Plaintiff must show the course of treatment chosen was "medically unacceptable under the circumstances, and the course of treatment was chosen in conscious disregard of an excessive risk to the plaintiff's health." Jackson, 90 F.3d at 332 (citations omitted).

The facts in this case establish that Defendants' denial of Plaintiff's request for dentures was objectively reasonable and justified. Plaintiff did not meet the CDCR's established requirements for receiving dentures. Defendants were well within the CDCR's policies when they denied Plaintiff's request. Nor was Plaintiff's medical condition serious such that the CDCR's policy amounts to an unnecessary and wanton infliction of pain. Although Plaintiff could not eat as fast as he liked, he nonetheless was able to eat. Moreover, the facts establish that Defendants had no

knowledge regarding whether Plaintiff was experiencing any pain or other harmful effects as a result of not having dentures. Nor is there any evidence that Defendants knew that Plaintiff suffered any actual harm. Defendants consequently did not purposefully ignore or fail to respond to Plaintiff's pain or possible medical need. Based on the foregoing, Defendants are entitled to summary judgment as a matter of law on Plaintiff's Eighth Amendment claim.[2/]

**B.      Defendants Are Entitled to Qualified Immunity**

Defendants claim they are entitled to summary judgment because they are immune from suit. Because Plaintiff cannot make out a constitutional violation against any of them, the undersigned agrees.

Government officials are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Liston v. County of Riverside, 120 F.3d 965, 975 (9th Cir. 1997) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The defense of qualified immunity allows for errors in judgment and protects "all but the plainly incompetent or those who knowingly violate the law. . . . [I]f officers of reasonable competence could disagree [whether a specific action was constitutional], immunity should be recognized." Malley v. Briggs, 475 U.S. 335, 341 (1986). Qualified immunity balances the interests of "the need to hold public officials accountable when they exercise power

---

[2/]     Warden Smelosky is entitled to summary judgment on the additional basis that he was not involved in the decision to deny Plaintiff's dentures request and did not personally participate in this case in any way. He is sued merely based on his status as Warden, and liability cannot be found against him solely on that basis. See Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007); Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); MacKinney v. Nielsen, 69 F.3d 1002, 1008 (9th Cir. 1995); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808, 815 (2009). The Court must determine "whether, in light of clearly established principles governing the conduct in question, the officer objectively could have believed that his conduct was lawful." Watkins v. City of Oakland, 145 F.3d 1087, 1092 (9th Cir. 1998).

The Court engages in a two-part inquiry: (1) whether the facts shown "make out a violation of a constitutional right," and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." Pearson, 129 S. Ct. at 815-16. The Court may consider these steps in any order it wishes. Id. at 818.

If the Court first determines that no constitutional violation has been made out, "there is no necessity for further inquiries concerning qualified immunity." Saucier v. Katz, 533 U.S. 194, 201 (2001), *overruled on other grounds by* Pearson, 129 S. Ct. at 818.

Because, as discussed above, Plaintiff has failed to make out a constitutional violation against any of the Defendants, the undersigned's inquiry ends there. After all, it would be futile to attempt to determine whether a constitutional right was clearly established when no such violation exists in the first place. See Saucier, 533 U.S. at 201 ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."); see also Tennison v. City & County of San Francisco, 570 F.3d 1078,

1092 & n.7 (9th Cir. 2009) (same; recognizing <u>Pearson</u>'s partial overruling of <u>Saucier</u>).

Based on the foregoing, all three Defendants are entitled to qualified immunity and are immune from suit as a result.

### III. CONCLUSION

The Court GRANTS Defendants' Motion and enters judgment in Defendants' favor. The Clerk of Court is directed to close this matter accordingly.

IT IS SO ORDERED.

DATED: June 21, 2011

                                                          Hon. William V. Gallo
                                                          U.S. Magistrate Judge